**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X

VDARE FOUNDATION, INC.,

                                                  Case No. 21-cv-3933

                    Plaintiff,

   -against-

                                               **COMPLAINT**

FACEBOOK, INC.,

                                               JURY TRIAL DEMANDED

                    Defendant.

--------------------------------------------------------------------X

Plaintiff, by and through their attorney Frederick C. Kelly, Esq., alleges the following:

1.      Plaintiff Vdare Foundation, Inc. (hereafter sometimes "Plaintiff VDARE" or simply "VDARE") is a 501(c)(3) organization, organized and existing under the laws of the State of New York.

2.      Upon information and belief, at all times hereinafter mentioned, the Defendant, Facebook, Inc., (hereafter sometimes "Defendant Facebook" or simply "Facebook") was and still is a foreign limited company, organized and existing under the laws of the State of Delaware, with corporate headquarters at 1 Hacker Way, Menlo Park CA 94025, but transacting business in the State of New York at 770 Broadway, New York, New York 10003.

JURISDICTION & VENUE

3.      This Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of New York; Defendant is a citizen of Delaware and California for

Page -1-

purposes of this inquiry.  The amount in controversy exceeds $75,000, exclusive of

interest and costs.  Venue is proper under 28 U.S.C. § 1391(b).

4.      This Court has personal jurisdiction over the Defendant.  Facts supporting jurisdiction

include, most prominently, Defendant's transacting of business in the State of New York

and having a place of business at 770 Broadway, New York, NY 10003, as well as

extensive servicing millions of Facebook users in New York.  Venue is proper under 28

U.S.C. § 1391(b) in light of the above.

5.      Therefore, this Court's exercise of personal jurisdiction over the Defendant comports with

Constitutional due process standards. As described in the prior paragraph, the Defendant

has purposefully established sufficient minimum contacts with New York such that it

should reasonably anticipate being haled into court in New York.  Moreover, the assertion

of personal jurisdiction is reasonable and consistent with traditional notions of fair play

and substantial justice.


## THE PARTIES & BACKGROUND

6.      Plaintiff VDARE publishes a website, VDARE.com, which consists of journalism

primarily focused on America's post-1965 immigration policies.

7.      Defendant Facebook operates a widely used digital platform known as "Facebook."

8.      On May 5, 2020, Facebook released a document entitled "April 2020 Coordinated

Inauthentic Behavior Report" (hereafter, the "April 2020 Report"), a copy of which is

attached hereto as Exhibit 1.

9.      In the April 2020 Report, Facebook announced that it was "...constantly working to find

and stop coordinated campaigns that seek to manipulate public debate..."

10.    By Facebook's telling, central to that alleged manipulation is the use of fake Facebook accounts: "We view influence operations as coordinated efforts to manipulate public debate for a strategic goal where fake accounts are central to the operation."

11.    The April 2020 Report specifically singles out VDARE for what it defined as "Coordinated Inauthentic Behavior" involving fake Facebook accounts.

12.    Specifically, Facebook stated that "The people behind this network used fake accounts to create fictitious personas, post in Groups, manage Pages, drive traffic to off-platform sites, and evade enforcement. They frequently posted about US news and topics including the US President, ideologies recognized as far-right, and anti-immigration content. Most recently, this network shared COVID-19-related conspiracies and hate speech about Asian Americans... Although the people behind this operation attempted to conceal their coordination, our investigation linked this network to VDARE..."

13.    Defendant Facebook's false and defamatory claim was that it removed Plaintiff VDARE's account because it "operated" and used  "fake accounts."

14.    The statements are false and accuse Plaintiff of race hatred and traits inconsistent with its role as a publisher of journalism, especially where its reputation depends on its ethical and transparent conduct and the production of reliable and accurate news reporting.

15.    Defendant Facebook's claim that Plaintiff VDARE operated "fake accounts" meant that VDARE should  not be trusted for journalism because it was "manipulating others" via disinformation in the manner the Russian government was widely accused of doing to interfere in the U.S. political process.

16.     Upon information and belief, Facebook controls and operates its own platform.

17.     Upon information and belief, Facebook thus necessarily has the means and ability to

        confirm if a user is operating multiple accounts under aliases and to authenticate the

        identities of those who open accounts, and does so on a regular basis.

18.     Upon information and belief, such monitoring is more common where Facebook's own

        analysis points to a connection between accounts that have large numbers of followers,

        such as VDARE's, which had over 200,000 followers.

19.     Upon information and belief, such monitoring is also more common where Facebook's

        own analysis points to a connection between accounts and alleged right far right

        ideologies, such as that ascribed to VDARE by Facebook itself in the April 2020 report.

20.     Upon information and belief, Facebook did in fact perform such monitoring and

        examination with respect to the account of VDARE.

21.     Upon information and belief, Facebook knew that VDARE was not operating and using

        fake accounts.

22.     Nevertheless, Facebook intentionally spread misinformation about Plaintiff VDARE in its

        April 2020 report as a means of silencing its journalism and harming its reputation for

        credibility.

23.     In fact, Facebook intentionally spread misinformation about Plaintiff VDARE for its own

        partisan reasons.

                              FIRST CAUSE OF ACTION

24.     Plaintiff VDARE repeats the above allegations.

25.     On or about May 5, 2020, Facebook did falsely and maliciously publish the April 2020

Report.

26.     The April 2020 Report contained false and defamatory matter wherein it stated the

allegations contained at Paragraph 12 above.

27.     Thus, the statements referenced above referred to the Plaintiff VDARE.

28.     The statements referenced in Paragraph 12 above were published by Facebook and widely

read and discussed by the public at large.  Indeed, the statements referenced in Paragraph

above were circulated widely and quickly, including in an online article by *The New York

Times* on May 5, 2020.

29.     The statements are false and again accuse Plaintiff of traits inconsistent with its role as a

publisher of journalism, as stated above.

30.     Facebook's claim that Plaintiff VDARE operated "fake accounts" meant that VDARE

should  not be trusted for journalism because it was "manipulating others" via

disinformation.

31.     The statements referenced in Paragraph 12 above were published by the Facebook

a.      Without seeking corroboration from the most obvious source, viz. Plaintiff

VDARE.

b.      With knowledge from its own monitoring and analysis that demonstrated that

Plaintiff VDARE was not operating fake accounts.

c.      Suggesting undisclosed facts, known to Defendant Facebook or to those whom

they were quoting, but unknown to the readers, which justified the false charges of

promoting fake and dubious science, and manipulating on-line readers by utilizing

fake accounts.

f.    With preconceived hostility toward Plaintiff VDARE as an ideological opponent,

hence the denigrating reference to VDARE's alleged "hate speech" in the April

2020 Report.

32.    The above actions show that the publication was made with "actual malice" in the sense

of knowing falsehood or reckless disregard, and a deliberate attempt to purposefully

avoid the truth.  In the alternative, the publication was made in a grossly irresponsible

manner without due consideration for the standards of information gathering and

dissemination ordinarily followed by responsible parties; in further alternative, it was

published with a lack of ordinary care and a failure to use that degree of care that a

reasonable and prudent man would have used under the same circumstances.

33.    The statements referenced in Paragraph 12 above exposed the Plaintiff VDARE to public

hatred, contempt, ridicule, and disgrace, lowered its reputation, and deterred decent

people from associating or dealing with it.

34.    The Defendant Facebook, by the publication of the statements referenced in Paragraph 12

above, meant and intended to expose the Plaintiff VDARE to public hatred, contempt,

ridicule, and disgrace, to lower its reputation, and to deter decent people from associating

or dealing with it.

35.    By reason of the publication of the statements in Paragraph 12 above, Plaintiff VDARE

has been injured in its good name, fame, credit, profession, and reputation, and has been

held up to public ridicule, and to suffer the loss of prestige and standing in the

community.

36.    The Defendant Facebook was actuated by ill will, malice, conscious disregard of the

rights of others, and were willful and wanton in their publication of the statements

referenced in Paragraph 12 above, thereby entitling Plaintiff VDARE to punitive

damages.


WHEREFORE, Plaintiffs demands judgment against Defendant, together with compensatory and

punitive damages, and the costs and disbursements of this action.


Dated: Goshen, New York       Yours, etc.
      May 3, 2021


                    /s/ Frederick C. Kelly
                    Frederick C. Kelly, Esq. (FK1986)
                    *Attorney for Plaintiff*
                    One Harriman Square
                    Goshen, NY 10924
                    Phone No.: (845) 294-7945
                    Fax: (845) 294-7889
                    fckelylaw@protonmail.com